IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS OF
LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBER B030111789a08,
a Foreign Insurer,

    Plaintiff,

v.            CIV 11-0432 KBM/ACT

OLD REPUBLIC INSURANCE COMPANY
and PHOENIX AVIATION MANAGERS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. *See Doc. 9.* Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. Having carefully reviewed the parties' submissions and considered their oral arguments at the Court's August 23, 2011 hearing as well as the relevant authorities, I will deny the Motion.

### I. Factual Background

Defendants are the insurers of two airplanes damaged in a hail storm while in the custody of Eclipse Aviation Corporation ("Eclipse"). *See Doc. 9* at 1. They allege that "Eclipse was negligent in the storage of the aircraft at issue despite claims that such aircraft would be properly

stored in order to prevent any weather damage." *Id.* On September 19, 2009, the bankruptcy court presiding over Eclipse's petition for Chapter 11 bankruptcy, which was converted to a Chapter 7 liquidation in March 2009, granted Defendants' motion to lift the automatic stay. Relief from the stay was limited to "allowing Old Republic to proceed against any applicable insurance policies." *Doc. 1* at ¶ 1.

Defendants filed suit against Eclipse in New Mexico state district court on May 12, 2010. *See id.* at 2. Defendants appear to have had difficulty effecting service of process upon Eclipse and ultimately sought to serve Eclipse via the Secretary of State pursuant to N.M. Stat. Ann. § 38-1-5 (1978). *See id.* Plaintiff ("Lloyd's") alleges that Defendants knew that Lloyd's insured Eclipse, and that Defendants had been given express notice of the identity of retained counsel for service on Eclipse in the event the bankrupt entity was sued pursuant to the limited lifting of the stay. Nevertheless, Defendants made no effort to alert Eclipse's attorneys of the suit. *See Doc. 13* at 2-3. When Eclipse failed to timely answer Defendants' complaint in state court, Defendants obtained a default judgment on January 18, 2010. *See Doc. 9* at 2. Lloyd's learned about the state judgment for the first time when Defendants mad a demand for payment based upon the default judgment.

Lloyd's filed the instant lawsuit in federal district court on May 19, 2011, seeking a declaratory judgment that its insurance agreement with Eclipse does not provide coverage for the default judgment obtained by Defendants in New Mexico state district court. *See Doc. 1* at 5. Plaintiff also seeks sanctions pursuant to Rule 1-011, N.M.R.A. 2010 of the New Mexico Rules of Civil Procedure for alleged misrepresentations Defendants made to New Mexico Secretary of State Mary Harare. *See id.* at 5-6. Defendants seek dismissal of Plaintiff's Complaint on the grounds that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman*

2

doctrine.  *See generally Doc. 9.*

## II.    Legal Standard

The Tenth Circuit has noted that Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  In the former situation, the Court presumes the allegations of the complaint to be true.  *See id.*  In the latter, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Alto Eldorado Partners v. City of Santa Fe*, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. March 11, 2009) (Browning, J.) (citations omitted).

Reference to documents outside the pleadings in these circumstances does not necessarily convert the motion to a Fed. R. Civ. P. 56 motion for summary judgment.  *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Where the jurisdictional question is intertwined with the merits of the case, the court should resolve the motion under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56.  *See id.*; *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999).  "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'"  *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)).

Because the instant case involves a facial attack, the Court will presume the allegations of the Complaint to be true.

3

### III.    Analysis

Defendants maintain that the Court lacks jurisdiction to consider Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine.  Upon consideration of Defendants' Motion, I believe that the *Younger* Doctrine of abstention may also be implicated and will also therefore address the applicability of that doctrine.

### A.    *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine "arises by negative inference from 28 U.S.C. § 1257(a), which allows parties to state court judgments to seek direct review in the Supreme Court of the United States, but not to appeal to the lower federal courts."  *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006).  It precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In other words, the *Rooker-Feldman* Doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

The Tenth Circuit has acknowledged that it, along with other circuit courts of appeal, has "occasionally treated *Rooker-Feldman* as a substitute for ordinary principles of preclusion, or as an extension of the various grounds for abstention by federal courts." *Mo's Express*, 441 F.3d at 1234. As a result, the most recent United States Supreme Court opinions concerning *Rooker-Feldman* have sought to restrict its application. *See id.* (citing *Exxon Mobil*, 544 U.S. at 284 and *Lance v. Dennis*, 546 U.S. 459, 464 (2006)).

Specifically, in *Exxon Mobil*, the Supreme Court noted that *Rooker-Feldman* "has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S. at 283. It therefore "confined" the doctrine "to cases of the kind from which the doctrine acquired its name" and held further that *Rooker-Feldman* "does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.* at 284.

In *Lance v. Dennis*, the Supreme Court clarified its previous holding in *De Grandy* that *Rooker-Feldman* does not apply to cases brought by those who were

not parties to the prior state-court action.[1]  *Lance*, 546 U.S. at 464-65.  "The *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment."  546 U.S. at 466.  In so holding, the Supreme Court specifically mentioned and appeared to overrule "Tenth Circuit precedent [] allowing application of *Rooker-Feldman* against parties who were in privity with a party to the earlier state-court action."  *Id.* at 465 (referencing *Kenmen Engineering v. Union*, 314 F.3d 468, 481 (10th Cir. 2002)).

In *Mo's Express*, the Tenth Circuit noted the Supreme Court's reference to *Kenmen Engineering* and clarified that

> *Kenmen Engineering* did not hold that *Rooker-Feldman* extends to all parties in privity with a state-court loser. Rather, it clarified that the "parties" to a state-court judgment for *Rooker-Feldman* purposes include all persons *directly bound by the state-court judgment*, whether or not they appear in the case caption.

441 F.3d at 1235, n.2 (emphasis in original).  Thus, the Supreme Court did not actually reverse *Kenmen Engineering* in *Lance*, but "only the district court's misapplication of *Kenmen Engineering*."  *Id.*  According to the Tenth Circuit, the

---

[1]*See De Grandy*, 512 U.S. at 1006 (holding that invocation of *Rooker-Feldman* was "inapt" given that the United States was not a party in the state court and "was in no position to ask this Court to review the state court's judgment and has not directly attacked it in this proceeding").

Supreme Court "did not necessarily repudiate the narrow holding of *Kenmen Engineering* concerning parties directly bound by the state-court judgment—who would seem to fall squarely within the definition of 'state-court losers.'" *Id.* (quoting *Exxon Mobil*, 544 U.S. at 284).

Defendants here contend that under the clarified rationale of *Kenmen Engineering*, Plaintiff, as Eclipse's insurer, is "directly bound" by the state-court default judgment and is therefore a "state-court loser." *See Doc. 14* at 4. To Plaintiff, the issue is more simple -- Lloyd's was not a party to the default judgment against Eclipse, and *Rooker-Feldman* accordingly does not apply. *See Doc. 13* at 6-7.

*Kenmen Engineering* is a lawsuit brought in the federal district court for the Western District of Oklahoma by four plainitiffs: (1) Kenneth Miles, an individual; (2) Ken Menz, an individual; (3) their partnership, Kenmen Engineering; and (4) Miles Specialty Company. *See* 314 F.3d at 468. The *Kenmen* plaintiffs sought damages for losses incurred as a result of a state-court judgment entered against Miles Specialty Company. *See id.* at 471-72 ("The state-court order designated Miles Specialty Company as the sole defendant. Kenmen Engineering, Mr. Menz, and Mr. Miles were not named as parties in the state-court order."). However, the state-court order specifically applied to "Defendant Miles Specialty Company, Inc.

[sic], by and through its officers, agents, servants, employees, attorneys, or representatives." *See id*. at 472, n.3.

After noting that three of the four plaintiffs were not technically parties to the prior state-court order, the Tenth Circuit nonetheless found *Rooker-Feldman* applicable because "Kenmen Engineering, Mr. Menz, and Mr. Miles were all clearly within the ambit of the Oklahoma state court's injunction." *Id.* at 481 (noting that Mr. Miles was an "officer" of Miles Specialty and that "by virtue of the plaintiff's joint venture, we have no doubt that Kenmen Engineering and Menz were "agents" of Miles Specialty"). The Tenth Circuit affirmed the Western District of Oklahoma in *Kenmen*, finding that the federal courts lacked subject matter jurisdiction pursuant to *Rooker-Feldman*. *See id.* at 468.

Even if *Kenmen Engineering* is indeed considered good law after *Lance*, Plaintiff in the present case is an entity completely separate from Eclipse. There are no facts before me to suggest Plaintiff was involved in a joint venture with Eclipse or that it might otherwise be considered Eclipse's agent or officer. Moreover, and perhaps more significantly, there is nothing in the state-court complaint or judgment indicating that either is intended to apply to anyone other than Eclipse. *See Doc. 9-1* at 2-6.

In light of the Supreme Court's very clear statement of law in *Lance v.*

*Dennis*, and upon careful consideration of the Tenth Circuit's opinion in *Kenmen Engineering*, I find the *Rooker-Feldman* Doctrine does not bar this Court from exercising jurisdiction over this matter.

## B.   *Younger* Abstention

There exists "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982).  As the Supreme Court has recognized, "[i]t would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court." *Id.* at 437.  To determine whether a federal court should abstain under principles of Younger, the Court should consider three questions: (1) is there an ongoing state judicial proceeding; (2) do the proceedings implicate important state interests; and (3) is there an adequate opportunity in the state proceedings to raise constitutional challenges?  *See id.* at 432.  Where applicable, *Younger* abstention is non-discretionary, requiring federal district courts to abstain.  *See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n.*, 319 F.3d 1211, 1215 (10th Cir.2003) (citation omitted).

Defendants contend that the *Younger* doctrine of abstention applies in this

case because of the prior lawsuit between them and Eclipse Aviation in state court. Although final judgment was entered in that state lawsuit before Plaintiff filed the instant claim in this federal court, Defendants argue that the state proceedings are "ongoing" in that the final default judgment has not yet been enforced.

The Supreme Court has recognized that state proceedings may be considered ongoing even after issuance of a final judgment. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975) (holding that "regardless of when the Court of Common Pleas' judgment became final, we believe that a necessary concomitant of Younger is that a party in appellant's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can place himself within one of the exceptions specified in Younger"). *Huffman* involved a nuisance action in state court seeking to shut down a theater that was showing pornographic movies. When the state court ruled against the theater owner, he immediately filed suit in federal court, arguing that the state nuisance law was unconstitutional. Because the theater owner did not pursue appeal within the state court system, the Supreme Court found that the federal district court should abstain pursuant to *Younger*. *See Huffman*, 420 U.S. at 609.

The Tenth Circuit found state proceedings ongoing under similar circumstances in *Goodpaster v. Supreme Court of Colorado*, 952 F.2d 409 (10th

10

Cir. 1992) (unpublished).  There, the Tenth Circuit held that a disciplinary action against an attorney is ongoing even after a finding of wrongdoing is made and an admonition issued.  *See id.* at \*2.  Therefore, an individual seeking to disclose the confidential admonition was required to seek permission from the Colorado Supreme Court, and any federal court asked to determine the constitutionality of the rule against disclosure should abstain pursuant to *Younger*.  *Id.* ("At the time he commenced this action, the disciplinary proceeding hearing had been held and the admonition issued.  The Colorado Supreme Court retains jurisdiction over the matter and there appears to be no time limit on Goodpaster's right to petition the Colorado Supreme Court for permission to disclose the admonition. That Goodpaster has not availed himself of the state-provided avenue does not mean that the proceeding is no longer pending.").

The state court proceedings at issue in the instant case are dissimilar from those at issue in both *Huffman* and *Goodpaster*.  The federal-court plaintiff in *Huffman* was the losing party in the underlying state court action.  Thus, there was no question he had the right to appeal the state court's ruling and proceed to exhaust state remedies.  However, Plaintiff in the present case was not a party to the default judgment in New Mexico state district court and therefore cannot appeal the default judgment.  As there is no allegation that Plaintiff Lloyd's was

notified of the state-court lawsuit against its insured, I am unable to find that it should have or could have exhausted state appellate remedies.  Similarly, whereas the plaintiff in *Goodpaster* was specifically required to seek permission for disclosure by state judicial procedure, there is no similar requirement that applies to Plaintiff in the present case.  Given this analysis and the further fact that no enforcement action appears to have been filed in state court to date, I find that no ongoing state proceeding exists in the present case, and *Younger* is therefore inapplicable.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Doc. 9)* is DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE