IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS OF
LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBER B030111789A08,

       Plaintiff,

v.                                                   CIV 11-0432 KBM/ACT

OLD REPUBLIC INSURANCE CO. and
PHOENIX AVIATION MANAGERS, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on cross-motions for summary judgment:  Plaintiff's

Motion for Partial Summary Judgment (*Doc. 37*) and Defendants' Motion For Summary

Judgment (*Doc. 44*).  Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have

consented to have me serve as the presiding judge and enter final judgment.  Having carefully

reviewed the parties' submissions and relevant authorities, I find the Plaintiff's Motion (*Doc. 37*)

well-taken and will grant it.  Defendants' Motion for Summary Judgment (*Doc. 44*) will be

denied.

## I.    UNDISPUTED MATERIAL FACTS

Defendants insure two airplanes damaged on July 22, 2008, allegedly while in the

custody of Eclipse Aviation Corporation ("Eclipse").  *Doc. 44* at 1, ¶ 1; *Doc. 50* at 2, ¶ 1.  On

November 25, 2008, Eclipse filed for Chapter 11 bankruptcy in Delaware.  *Doc. 44* at 2, ¶ 3;

*Doc. 50* at 2, ¶ 3.

The law firm of Rose•Walker, L.L.P. was retained to represent Eclipse relative to the damaged airplanes, and it sent a letter to this effect dated March 24, 2009 to Claims Manager Doug Bland of Defendant Phoenix Aviation Managers, Inc. *See Doc. 37-4.* The March 24, 2009 letter states "[p]lease direct all future correspondence and communications regarding these claims to the undersigned." *Id. See also Doc. 37* at 5, ¶ 11; *Doc. 45* at 2, ¶ 11. Undisputedly, Mr. Bland received the March 24, 2009 letter. *See Doc. 37* at 5, ¶ 12; *Doc. 45* at 2, ¶ 12.

On September 19, 2009, the bankruptcy court granted Defendant Old Republic's motion to lift the automatic stay to bring suit against Eclipse for the damage done to the aircraft at issue. *Doc. 44* at 2, ¶ 4; *Doc. 50* at 2, ¶ 4. Neither Defendant in the present case provided Eclipse's counsel, Rose•Walker, L.L.P., with timely notice of the motion to lift the automatic stay or the order lifting the stay. *Doc. 37* at 5, ¶¶ 14, 16; *Doc. 45* at 2, ¶ 14, 16, (undisputed that Plaintiff did not receive notice until March 8, 2011).

On May 12, 2010, Defendant Old Republic filed suit against Eclipse in New Mexico state district court. *Doc. 44* at 2, ¶ 5; *Doc. 50* at 2, ¶ 5. Neither Defendant in the present case provided Eclipse's counsel, Rose•Walker, L.L.P., with a copy of the New Mexico lawsuit. *See Doc. 44* at 6, ¶ 18; *Doc. 45* at 3, ¶ 18 (noting that Defendant Old Republic served the Complaint upon Eclipse via the New Mexico Secretary of State). Defendants never contacted Rose•Walker, L.L.P. to give them notice of the suit or confirm that it still represented Eclipse regarding the claims forming the basis of the lawsuit. *Doc. 37* at 6, ¶ 20; *Doc. 45* at 3, ¶ 20.

On January 21, 2011, the Honorable Theresa Baca of the New Mexico State District Court entered default judgment against Eclipse. *See Doc. 37-12.* On March 8, 2011, Defendant Old Republic's counsel wrote to Rose•Walker, L.L.P. in an attempt to collect the judgment. *Doc. 37* at 7, ¶ 21; *Doc. 45* at ¶ 21. Defendants' March 8, 2011 demand letter was the first that

Eclipse's counsel or its insurer had heard of the lawsuit.  *Doc. 37* at 8, ¶ 29; *Doc. 45* at 4, ¶ 29.

Before filing the instant action on May 19, 2011, Plaintiff advised Mr. Bland of Defendant

Phoenix Aviation Managers, Inc. that Plaintiff was willing to litigate Defendants' claims on the

merits if Defendants agreed to set aside the default judgment.  *See Doc. 1*; *Doc. 49-1*.

Defendants declined to set aside the default, and Plaintiff filed this federal lawsuit seeking

declaratory relief and sanctions.

## II.      LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

R. CIV. P. 56(a).  A "genuine" dispute exists where the evidence is such that a reasonable jury

could resolve the issue either way.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th

Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91

L.Ed.2d 202 (1986)).  A mere scintilla of evidence in the non-movant's favor is not sufficient.

*Anderson*, 477 U.S. at 252.  However, the court must consider all the evidence in the light most

favorable to the party opposing summary judgment.  *See Trask v. Franco*, 446 F.3d 1036, 1043

(10th Cir. 2006).

Both the movant and the party opposing summary judgment are obligated to "cit[e] to

*particular parts* of materials in the record" to support their factual positions.  FED. R. CIV. P.

56(c)(1)(A) (emphasis added).  Alternatively, parties may "show[] that materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact."  FED.R.CIV.P. 56(c)(1)(B).  *See also Medlock v. United*

*Parcel Service, Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010) ("[I]f the matter in issue concerns an

essential element of the nonmovant's claim, the moving party may satisfy the summary

judgment standard 'by identifying a lack of evidence for the nonmovant on [that] element.'"

(internal quotation and citation omitted) (alteration in original)).  Materials cited to establish the

presence or absence of a genuine dispute must be in a form that would be admissible in

evidence.  FED. R. CIV. P. 56(c)(2).

The court need only consider the materials cited by the parties.  FED. R. CIV. P. 56(c)(3).

In the event that a party fails to cite materials or otherwise properly address another party's

assertion of fact, the court may consider the fact undisputed and, if the motion and supporting

materials show that the movant is entitled to it, grant summary judgment.  FED. R. CIV. P. 56(e).

The court is also empowered to grant summary judgment, if appropriate, independent of the

motion after giving notice and a reasonable time to respond.  FED. R. CIV. P. 56(f).

## III.    ANALYSIS

### A.      *Younger* **Abstention Does Not Apply.**

Defendants argue that summary judgment should be granted in their favor because the

Court should abstain from the exercise of federal jurisdiction pursuant to *Younger v. Harris*, 401

U.S. 37 (1971) and its progeny.  *See Doc. 44*.  This is the second opportunity the Court has had

to consider whether *Younger* abstention applies, Defendants having previously moved to dismiss

Plaintiff's lawsuit based on *Younger*.  *See Doc. 18*.  I remain unconvinced by Defendants'

position, and I will therefore deny Defendants' Motion.

"Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction

given them,' therefore, 'only the clearest of justifications will warrant dismissal.'"  *Life-Link*

*Int'l, Inc. v. Lalla*, 902 F.2d 1493, 1496 (10th Cir. 1990) (quoting *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)).  Under *Younger v. Harris*,

401 U.S. 37 (1971) and its progeny, however,

> [a] federal court must abstain from exercising jurisdiction when: (1)
> there is an ongoing state criminal, civil, or administrative proceeding,
> (2) the state court provides an adequate forum to hear the claims
> raised in the federal complaint, and (3) the state proceedings involve
> important state interests, matters which traditionally look to state law
> for their resolution or implicate separately articulated state policies.

*Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quoting *Taylor v. Jacquez*, 126

F.3d 1294, 1297 (10th Cir. 1997)).  *Younger* abstention is the exception rather than the rule, but

when its elements are met, abstention is "non-discretionary . . . absent extraordinary

circumstances." *Id.* at 888 (quoting *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d

1160, 1163 (10th Cir. 1999)).  As the Tenth Circuit has recognized, "'application of the *Younger*

doctrine is absolute . . . when a case meets the *Younger* criteria,' there is no discretion for the

district court to exercise." *Taylor v. Jacquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (quoting

*Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 294 (7th Cir. 1994)).

  In my previous Order, I found *Younger* inapplicable to the present case for two reasons.

*See Doc. 18* at 11-12.   First, I found that the state court was not an adequate forum in which to

hear Plaintiff's claims because "Plaintiff in the present case was not a party to the default

judgment in New Mexico state district court and therefore cannot appeal the default judgment."

*See Doc. 18* at 11.  Second, I found that there existed no "ongoing" state judicial proceeding.

*See id.* at 12.  Defendants had already obtained a default judgment, and they offered no evidence

or authority to indicate that their litigation against Eclipse was "ongoing."

  In their *Motion for Summary Judgment  (Doc. 44)*, Defendants point to new ongoing

proceedings in the state court, specifically, the writ of garnishment obtained January 9, 2012 and

served upon Plaintiff March 6, 2012.  *See Docs. 44-1 & 44-2*.  However, Plaintiff removed the

garnishment action to federal court on March 29, 2012 which was assigned to the Honorable

Robert C. Brack.  *See* CIV 12-0323 RB/RHS; *see also Doc. 50-1*.  Defendants then filed a now

pending *Motion  to Remand*  in that case.  CIV 12-0323 RB/RHS at *Doc. 16*.  Defendants argue

that remand of the garnishment proceeding is appropriate, because such a proceeding is

considered ancillary under New Mexico law.  *See Docs. 54, 54-1.*

　　　"It is a well settled rule that a suit which is merely ancillary or supplemental to another

action cannot be removed from a state court to a federal court."  *W. Med. Prop. Corp. v. Denver*

*Opportunity, Inc.*, 482 F. Supp. 1205, 1207 (D.Colo. 1980) (citing *Fed. Sav. & Loan Ins. Corp.*

*v. Quinn*, 419 F.2d 1014 (7th Cir. 1969); *Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888 (10th Cir.

1958); *Overman v. Overman*, 412 F.Supp. 411 (E.D.Tenn. 1976)).  However, "[t]he authorities

are not in complete agreement as to whether garnishment proceedings are ancillary or

independent civil actions."  *Id.* (citing MOORE'S FEDERAL PRACTICE).  While New Mexico case

law is clear that "[g]arnishment is an ancillary proceeding and not an original civil suit," *Jemko,*

*Inc. v. Liaghat*, 738 P.2d 922, 926 (N.M. Ct. App. 1987), "the determination of whether a

proceeding is ancillary is governed by federal law," 16 MOORE'S FEDERAL PRACTICE §

107.12[4][a].

　　　The Tenth Circuit has twice held that garnishment proceedings like Defendants' action

against Plaintiff constitute "original and independent actions between the holders of the

judgments and the insurer."  *Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888, 890 (10th Cir.

1958);  *accord London & Lancashire Indem. Co. v. Courtney*, 106 F.2d 277, 283 (10th Cir. 1939)

(holding that garnishment action was removable, "[w]ith diversity of citizenship and other

jurisdictional facts existing").  Defendants nonetheless contend that both *Adriaenssens* and

*Courtney* are irrelevant because they concern removals of garnishment actions originating in

Oklahoma courts, and "Oklahoma courts construed their garnishment proceeding[s] to be

distinct actions from the underlying state court judgments." *Doc. 54-1* at 5.  Because the instant

case originates in New Mexico, where garnishments are considered ancillary, Defendants

contend that the garnishment matter should be remanded and that state court proceedings are

therefore ongoing for purposes of the *Younger* analysis.

Upon careful review of the *Adriaenssens* and *Courtney* opinions, I find no evidence that

their holdings were based on any state's interpretation of its garnishment proceeding as ancillary

versus independent.[1]  Rather, in both instances, the Tenth Circuit undertook its own analysis.  In

*Courtney*, the Tenth Circuit found that "the defendant garnishee's controversy with the plaintiff,

Lucile A. Courtney, is wholly separable from the issues involved on which the judgment against

R. G. Courtney in favor of Lucile A. Courtney is founded."  106 F.2d at 284.  As a result, the

Tenth Circuit held:

> [t]he affidavit for writ of garnishment takes the place of a petition.
> The defendant garnishee is brought into court on process, and his
> answer as garnishee constitutes his answer in that action.  The
> object of the proceedings is to have the court adjudge whether the
> defendant's property shall be rendered liable to the plaintiff in the
> amount of the judgment.  On this issue he would be entitled to a
> trial in due form of law with right of appeal and review on writ of
> certiorari.

*Id.*  Likewise, in *Adriaenssens*, the Tenth Circuit found the removed garnishment to be "original

and independent" in that "[t]he issue between the parties was whether the insurer was liable

under its policy issued to one who made a false representation of a material nature in order to

---

[1] Defendants point out that the Tenth Circuit cited an Oklahoma case in *Courtney*, allegedly recognizing that Oklahoma courts consider garnishment proceedings to be distinct actions rather than ancillary actions. *See Doc. 154-1* at 5 (citing *Courtney*, 106 F.2d at 283-85). But the citation of Oklahoma law occurs only in a dissenting opinion. *See* 106 F.2d at 285. Moreover, the dissenting judge—the Honorable Sam Gilbert Bratton of New Mexico—did not dispute that the garnishment proceeding at issue was removable. *See id*.

obtain the coverage."  258 F.2d at 890.  *See also Bridges v. Bentley*, 716 F. Supp 1389, 1391-92

(D.Kan. 1989) (performing its own analysis as to whether a state-court garnishment action is

independent from the primary liability action and holding that "the characterization of

garnishment actions for removal purposes is a matter of federal law rather than a matter

determined by construing each state's garnishment statute").

 Controlling authority therefore requires that I analyze the nature of the instant

garnishment proceeding independent of New Mexico authority construing garnishments as

ancillary actions.  I see the present dispute—whether in the form of this lawsuit in the Federal

District of New Mexico or the subsequently-initiated garnishment proceeding in New Mexico

State District Court—as distinct from Defendants' previous lawsuit against Eclipse.  Not only

does the present dispute involve Plaintiff as a new party, but also a new liability, governed at

least in part by the terms of the insurance contract.  *See Bridges*, 716 F. Supp. 1392 (denying

motion to remand garnishment action "involving a new party litigating the existence of a new

liability").   Thus, the present dispute is "original and independent" and "wholly separable" from

Defendants' underlying lawsuit against Eclipse.  *See Adriaenssens*, 258 F.2d at 890; *Courtney*,

106 F.2d at 284.

 For the first time in their Reply brief, Defendants also cite *Sanchez v. Wells Fargo*, for

the proposition that *Younger* abstention is required in this case.  *See Doc. 54* at 4 (citing *Sanchez*,

2009 WL 56894 (10th Cir. Jan. 9, 2009)).  Given that the *Sanchez* case involved a federal lawsuit

initiated *after* the state-court garnishment proceeding, whereas the present case involves the

reverse scenario, with the federal lawsuit initiated nearly eight months *before* the state-court

garnishment action , I find that *Sanchez* is inapplicable.

 As Defendants' recent state-court garnishment action appears to have been properly

removed, there is no ongoing state proceeding, and *Younger* abstention does not apply.  I will

therefore deny Defendants' Motion for Summary Judgment (*Doc. 44*).

> **B.**     **The Court Will Exercise its Discretion Under the Declaratory Judgment Act**
> **to Consider Plaintiff's Claims.**

"In a case of actual controversy within its jurisdiction . . ., any court of the United States,

upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought."  28

U.S.C. § 2201(a) (emphasis added).  As indicated by the text of the Declaratory Judgment Act,

this Court "is not obliged to entertain every justiciable claim brought before it."  *State Farm Fire*

*& Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994).  Trial courts should weigh the

following factors when deciding whether to exercise jurisdiction pursuant to the Declaratory

Judgment Act:  (1) whether the action will settle the controversy; (2) whether it would serve a

useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is

being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to

*res judicata*"; (4) whether use of a declaratory action will increase friction between our federal

and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an

alternative remedy that is better or more effective.  *Id.* at 983 (citing *Allstate Ins. Co. v. Green*,

825 F.2d 1061, 1063 (6th Cir. 1987)).

Having carefully considered these factors, I find the exercise of federal jurisdiction over

this matter is entirely appropriate.  Analysis of the coverage question in this case will settle the

controversy by determining Defendants' ability to recover from Plaintiff.  Because at the time

the coverage action was filed there existed no other forum in which to settle the coverage

question, *see Mhoon*, 31 F.3d at 984, I cannot find this action to be a tool of procedural fencing.

Moreover, given the absence of any state proceeding, there is neither a likelihood of friction with the state court nor an alternative remedy for Plaintiff.

> **C.**     ***Sunnyside Dev. Co. v. Chartis Specialty Ins. Co.*, 2012 WL 245214 (S.D.N.Y. Jan. 26, 2012) and *Burgess v. Am. Fid. Fire Ins. Co.*, 310 N.W.2d 23 (Mich. Ct. App. 1981) Are Inapposite.**

Defendants' primarily argue in opposition to Plaintiff's Motion for Summary Judgment that insurers should be held liable for default judgments where they (1) receive notice of the underlying claim and (2) have an opportunity to set aside the default. *See Doc. 45* at 4. For this argument, Defendants rely upon *Sunnyside* and *Burgess*, neither of which is binding upon this Court. After examining these authorities and the posture of the present case, I find these cases inapposite. Plaintiff neither received adequate notice of the underlying claim nor did it have an opportunity to set aside the default.

The facts of *Sunnyside* are similar to the present case in that Sunnyside Development Co., like Defendants, obtained a default judgment against a bankrupt company. *See* 2012 WL 245214 at *3. But there are also significant factual differences between *Sunnyside* and the present case. In *Sunnyside*, for instance, the claimant (*i.e.*, Sunnyside) specifically notified the insurer of its bankruptcy claim, its lawsuit against the insured, and the impending default judgment. *See* 2012 WL 245214 at *5-6. By contrast, Defendants in the present case failed to notify Plaintiff when any of these same developments occurred. *See Doc. 37* at 5, ¶¶ 14, 16, 18, 20; *Doc. 45* at 2, ¶ 14, 16 (asserting notice of the bankruptcy order lifting stay was given March 8, 2011), 18 (noting that Defendant Old Republic served the Complaint upon Eclipse via the New Mexico Secretary of State), 20. These factual distinctions are significant in that they demonstrate neither of Defendants' premises are true. Plaintiff neither received adequate notice of the underlying claim nor an opportunity to set aside the default judgment.

*Sunnyside* is also distinguishable from the present case in terms of the applicable law. The default judgment in that case was obtained in the State of California, and California courts "routinely allow the insurer to 'intervene in that action prior to judgment or move under Code of Civil Procedure section 473 to set aside [any] default judgment [by the insured].'" 2012 WL 245214 at *4 (quoting *Reliance Ins. Co. v. Superior Court*, 100 Cal. Rptr. 807 (Cal. Ct. App. 2000).  Defendants have not demonstrated any similar legal avenues available in New Mexico which might permit a non-party to challenge a default judgment.

Defendants' citation of *Burgess* is no more persuasive.  Similar to the court in *Sunnyside*, the Michigan Court of Appeals relied chiefly on the proposition that an "insurance carrier will not be permitted to benefit by sitting idly by, knowing of the litigation, and watch its insured become prejudiced."  *Burgess*, 310 N.W.2d at 25 (citation omitted).  This proposition has no relevance to the present case, where it is undisputed that Plaintiff received no notice of the underlying lawsuit until **_after_** default judgment was entered.  Here, both parties admit that Plaintiff's first knowledge of the lawsuit and default came on March 8, 2011.  *See Doc. 37* at 8, ¶ 29; *Doc. 45* at 4, ¶ 29.  Thereafter, Plaintiff promptly sought relief from this Court, filing suit here on May 19, 2011.  *See Doc. 1*.  If *Sunnyside* and *Burgess* bear any relevance to the present case, it may be to illustrate how Plaintiff is different from other insurers which are held liable upon default judgments entered against their insureds.

D.      **Plaintiff's Insurance Policy Provides No Coverage For Defendants' Claims.**

Plaintiff requests this Court's declaration that it never received notice of Defendants' underlying lawsuit against Eclipse and that coverage therefore does not exist under the terms of its insurance policy.  *See Doc. 37* at 18.  In addition, Plaintiff also argues that it is not liable for judgment entered after default, because default judgments are not equivalent to judgments

entered after "actual trial."  *See id.* at 17.

Under the heading "Notice of Claim or Suit," the insurance policy issued by Plaintiff

provides, "If claim is made or suit is brought against the Insured, the Insured shall as soon as

practicable forward to the Insurers' authorized agents every demand, notice, summons or other

process received by him."  *Id.* at 4, ¶ 5; *see Doc. 45* at 2, ¶ 5.  The policy further provides that

> No action shall lie against the Insurers unless as a condition
> precedent thereto, the Insured shall have fully complied with all the
> terms of this policy, nor until the amount of the Insured's obligation
> to pay shall have been cor by written agreement of the Insured, the
> claimant and the Insurers.

*Doc. 37* at 4, ¶ 6; *Doc. 45* at 2, ¶ 6.  It is Plaintiff's position that no coverage exists pursuant to

this provision because no actual trial occurred.  *See Doc. 37* at 17.  Defendants oppose this

interpretation of the contract, arguing that "a default judgment is considered an 'actual trial'

under the meaning of a no-action clause."  *Doc. 45* at 9.

There is plentiful authority from the State of Texas for the proposition that a default

judgment is, in insurance-speak, a judgment entered after "actual trial."  *See, e.g., Scottsdale Ins.*

*Co. v. Sessions*, 331 F.Supp.2d 479, 488 (N.D.Tex. 2003).  However, the Texas cases are

distinguishable from the present case.

In *Sessions*, for example, the court noted that "the default judgment was not taken until

after Scottsdale had refused to provide [] a defense."  *Id.*  Contrary to Defendants' argument,

Texas courts do not hold that the "judgment after actual trial" policy language generally includes

default judgments, regardless of the underlying facts.  *See id.*  Rather, Texas courts "consistently

have held that an insurance company cannot insist on compliance with the 'actual trial'

requirement *once it has breached its duty to defend*."  *Id.* (emphasis added)(citing multiple

decisions).  Even in the absence of the insurer's outright breach of its duty to defend, cases

holding that default judgments count as judgments after "actual trials" include facts showing that

"insurers knew of the accident and lawsuit." *Id.* at 488-89. In fact, there may be multiple

conditions precedent to equating default judgments to "actual trials"—

> where "there is no hint of collusion between [the underlying
> parties]", there was no "agreed judgment or any other kind of
> agreement" between the underlying parties, "damages in the state
> court judgment were fixed by the state court judge as part of the
> default judgment proceeding", the insurer was afforded an
> opportunity to defend its insured in the state court suit, and the
> default judgment was not taken until after the insurer had refused to
> provide such a defense, the insurer cannot contest the award made by
> the state court judgment.

*Mid-Continent Cas. Co. v. JHP Dev., Inc.*, 2005 WL 1123759 (W.D. Tex. 2005, April 21, 2005)

(quoting *Sessions*, 331 F. Supp.2d at 488).

Other cases cited by Defendants in support of their position are also inapplicable.

*Manzella v. State Farm Mut. Auto. Ins. Co.* involved a default judgment entered in a case where

the insurer was properly joined as a party. *See* 745 N.W.2d 770, 772 (Mich. 2008) ("Having

been properly joined as a party, and having elected not to defend in this case, the language

defendant relies on has no application here."). Likewise, *State Farm Mut. Auto. Ins. Co. v.*

*Brekke*, the Supreme Court of Colorado involved default judgments entered in three cases where

the insurer was a party. *See* 105 P.3d 177 (Colo. 2005). Not only this, but the *Brekke* decision

concerned uninsured/underinsured motorist (UM/UIM) coverage and the proper role of the

insurer in litigation where its interests did not align perfectly with those of its insured. *See id.*

The "actual trial" clauses were held unenforceable not for any reason that would be potentially

applicable in the present case but instead "because the clauses dilute UM coverage." *See id.* at

195.

Based on the particular circumstances of this case, specifically the undisputed fact that

Plaintiff was not provided notice of the underlying lawsuit until after default judgment was entered, I find that the "actual trial" requirement of the insurance policy issued by Plaintiff applies.

Wherefore,

**IT IS HEREBY ORDERED** that . Defendants' Motion for Summary Judgment (*Doc. 44*) will be denied and Plaintiff's Motion for Partial Summary Judgment *(Doc. 37)* is granted. Declaratory judgment will be entered in Plaintiff's favor as to Count I, as follows:

1.    The default judgment entered in favor of Defendants against Eclipse Aviation Corporation in New Mexico State District Court was entered without notice to Plaintiff or opportunity for Plaintiff to be heard;

2.    By the terms of the insurance policy issued to Eclipse Aviation Corporation, Plaintiff therefore owes no duty to Defendants to pay damages pursuant to the default judgment entered by the New Mexico State District Court.


_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**
Presiding by Consent

14