IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS OF
LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBER B030111789A08,
a Foreign Insurer,

      Plaintiff,

v.                                                                                              CIV 11-0432 KBM/ACT

OLD REPUBLIC INSURANCE COMPANY
AND PHOENIX AVIATION MANAGERS, INC.

# **MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Claim for Rule 1-011 NMRA Sanctions *(Doc. 52)*. The Court, having reviewed the parties' submissions and the relevant law finds the Motion is well-taken and will grant the Motion.

I.      BACKGROUND

      Plaintiff's claims arise out of its relationship with its insured, Eclipse Aviation Group ("Eclipse"), against whom Defendants obtained a default judgment in New Mexico State District Court. Because Eclipse never informed Plaintiff of the state-court lawsuit, let alone the default judgment, both in violation of the terms of Plaintiff's insurance policy, the Court granted Plaintiff's request for a declaratory judgment that it is not liable by the terms of its policy for the default judgment. *See Doc. 59*. In Count II of its Complaint in the instant federal action against Defendants, Plaintiff seeks sanctions pursuant to New Mexico State Rule 1-011against Defendants, arguing that "Defendants improperly presented to the Court a motion which they knew had no good faith basis and was based on false legal contentions concerning proper

service." *See* Doc. 1 at 5.  Defendants maintain that Plaintiff's claim for sanctions should be dismissed because a federal court cannot award state-court authorized sanctions unless the federal action was removed from state court.  *See Doc. 52* at 2.

## II.     LEGAL STANDARD

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court "assume[s] the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is not appropriate if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).)  *Id.*

## III.    ANALYSIS

Although Plaintiff filed the instant lawsuit in federal court, Plaintiff alleges violation of the New Mexico's Rule 11, which is applicable in New Mexico state district court.  The basis for the alleged violation of Rule 1-011 NMRA 2010 was Defendants' alleged act of "improperly present[ing] to the Court a motion which they knew had no good faith basis and was based on false legal contentions concerning proper service."  *Id.*  Because Defendants had not yet filed any motions in federal court at the time of Plaintiff's Complaint, the Court must assume that Plaintiff is referring to Defendants' Motion for Default Judgment, filed in New Mexico state district court.

New Mexico's Rule 1-011 provides, in relevant part, that

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.  If a pleading, motion or other paper is signed with intent to

>       defeat the purpose of this rule, it may be stricken as sham and false
>       and the action may proceed as though the pleading or paper had not
>       been served.... For a willful violation of this rule an attorney or party
>       may be subjected to appropriate disciplinary or other action.

Rule 1-011 NMRA 2011. The New Mexico Supreme Court has held that the primary goal of Rule 1-011 is "to deter baseless filings in district court." *Rivera v. Brazos Lodge Corp.*, 808 P.2d 955, 959 (N.M. 1991).

>       Any violation depends on what the attorney or litigant knew and
>       believed at the relevant time and involves the question of whether the
>       litigant or attorney was aware that a particular pleading should not
>       have been brought. Sanctions should be entered against an attorney
>       rather than a party only when a pleading or other paper is unsupported
>       by existing law rather than unsupported by facts.

*Id.*

The Federal Rules of Civil Procedure include a similar provision. By "presenting" a pleading to the Court—"whether by signing, filing, submitting, or later advocating it"—an attorney or unrepresented person is certifying that: (1) it is not being presented for an improper purpose; (2) the claims and legal content are warranted by existing law or a nonfrivolous argument for the extension of the law; (3) the factual contentions have evidentiary support; and (4) denials of factual contentions have evidentiary support. *See* FED. R. CIV. P. 11(b). To the extent that any violation of these tenets occurs, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1).

The Tenth Circuit has held that a federal court may not impose sanctions pursuant to Federal Rule 11 against a signer of a paper filed in state court. *See Griffen v. City of Okla. City*, 3 F.3d 336, 340 (10th Cir. 1993). Thus, the plaintiff's act of filing a complaint in state court

could not subject the plaintiff or its attorneys to sanctions under Federal Rule 11. *See id.* However, the Tenth Circuit specifically held that "a federal court may apply a state-law counterpart to Rule 11 to a pleading filed in state court prior to removal." *Id.* at 341. Such a rule is in fact necessary, according to the Tenth Circuit "in order to prevent a party from escaping sanctions for its improper conduct—as defined by state law—while in state court, upon removal of the case." *Id.*

Where, as here, the case is *not* removed from state court, my authority to award sanctions pursuant to New Mexico's Rule 1-011 is questionable. On the one hand, the same principal noted in *Griffen* still applies, namely, the concern that a party "could file utterly baseless papers in state court and escape sanctions that otherwise would have been imposed on him by that court." *See* 3 F.3d at 341. On the other hand, the risk of such a circumstance in a case that has not been removed is remote. Further, Defendants point out that the Seventh Circuit has held, in an opinion authored by Judge Richard Posner, that a party has no basis for seeking damages under a state's version of Rule 11 "as a sanction for frivolous motions in the state-court case that was dismissed, not in the present case." *World Outreach Conference Ctr. v. City of Chicago*, 591 F.3d 531, 538 (7th Cir. 2009). I find Judge Posner's more restrained view appropriate in this case, where the merits of Defendants' conduct, including the adequacy of their service of process upon Eclipse, are not squarely before me.

Wherefore,

4

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Claim for Rule 1-011 NMRA Sanctions is GRANTED, and Count II of Plaintiff's Complaint is dismissed with prejudice.

*[signature: Karen B. Molzen]*

**UNITED STATES CHIEF MAGISTRATE JUDGE**
Presiding by Consent